**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICKY HRAM CEU, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and TRUIST BANK INC., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RICKY HRAM CEU (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and TRUIST BANK INC. (hereinafter "Truist") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter the CRAs").

3.    Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Howard County in the State of Maryland. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

4

19.     Truist is an FDIC insured bank with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092

20.     Truist is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Truist furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Truist, partial account number ending in x5353, as to a credit card (hereinafter "Truist Account").

23.     On or about March 29, 2024, an unauthorized transaction in the amount of $30.00 was made to the Truist Account. The unauthorized transaction was made in Tampa, Florida. At the time of the unauthorized transaction, Plaintiff was in Maryland and completed a charge near his home.

24.     The next day, on or about March 30, 2025, a second unauthorized charge in the amount of $2,788.82 was made to the Truist Account. The unauthorized transaction was completed at Amberly Place. Amberly Place is an apartment building in Tampa, Florida. At that time and currently, Plaintiff lives in Maryland.

25.     Shortly thereafter, Plaintiff disputed the aforementioned fraudulent transactions with Truist. On or about April 1, 2025, Truist issued a credit in the amount of $30 to the Truist Account, and on or about April 5, 2025, Truist issued a credit in the amount of $2,788.82.

26.     In the following months, Plaintiff contacted Truist multiple times to dispute the fraudulent transactions.

27.     On or about December 27, 2024, Plaintiff contacted Truist regarding the fraudulent transactions, and the Truist representative advised they were not able to help Plaintiff.

28.     In or about January 2025, Plaintiff received his statement from Truist and observed that the fraudulent transaction in the amount of $2,788.82 was reinserted and again charged to the Truist Account. The new balance on the Truist Account was approximately $9,900.

29.     On or about December 31, 2024, Plaintiff obtained a copy of his credit report from the CRAs. Upon review, Plaintiff observed the Truist Account was reported with a status of Pays as Agreed with a balance of $7,691.

30.     On or about January 10, 2025, Plaintiff obtained updated copies of his credit reports from Equifax and Trans Union. Plaintiff attempted to obtain a copy of his Experian credit report but received an error that his Experian credit report was

unavailable. Upon review of his credit reports, Plaintiff observed that the Truist Account continued to be reported with a balance of $7,691.

31.     On or about January 22, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 182610000. In this report, he explained that he was a victim of identity theft and that there were fraudulent charges to the Truist Account which did not belong to him appearing in his credit report.

32.     On or about February 10, 2025, Plaintiff mailed a detailed dispute letter to the CRAs regarding the reporting of the Truist Account. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that there were fraudulent charges made to the Truist Account that should not be reported. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the credit reporting, images of the billing statement with the fraudulent charges, and images of his filed FTC Identity Theft Report.

33.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6455 3922 27), Experian (9407 1112 0620 6455 3922 89), and Trans Union (9407 1112 0620 6455 3928 45).

34.     On or about February 20, 2025, Plaintiff observed that the letter sent to Equifax had not been delivered, and accordingly, Plaintiff sent another copy of his detailed dispute letter to Equifax, tracking number 9407 1112 0620 6471 8979 80.

35.     Despite confirmation of delivery on February 22, 2025, and February 26, 2025, Plaintiff did not receive dispute results or a copy of his updated credit report in the mail from Equifax.

36.     However, on or about March 28, 2025, Plaintiff obtained an updated copy of his Equifax credit report and observed that the Truist Account was reported with a status of pays as agreed and updated balance of $9,700.

37.     Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

38.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

39.     Equifax never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

41.     Despite confirmation of delivery on February 14, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Experian.

42.     On or about March 28, 2025, Plaintiff attempted to receive an updated copy of his Experian credit report but received a notification that it was unavailable.

43.     Upon information and belief, Experian continued to report the erroneous balance of the Truist Account.

44.     Plaintiff provided enough information to Experian to identify his file and to handle the dispute. Experian failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

45.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.     Experian never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Experian failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

48.     Despite confirmation of delivery on February 13, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union.

49.     However, on or about March 28, 2025, Plaintiff obtained an updated copy of his Trans Union credit report. Upon review, Plaintiff observed that the Truist Account was reported with a status of current and updated balance of $9,700.

50.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

51.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

52.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

53.     Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Trans Union failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

54.     On or about April 7, 2025, Plaintiff mailed a second detailed dispute letter to the CRAs regarding the continued inaccurate reporting. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff advised that the Truist Account was not accurate and that the debt they were claiming Plaintiff owed was not valid and included fraudulent charges. To confirm his identity, Plaintiff included images of his driver's license and Social Security card. Further, Plaintiff provided

images of the erroneous reporting, images of the billing statement with the fraudulent charges, images of his filed FTC Identity Theft Report, and other supporting documents.

55.    Plaintiff mailed his second detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8809 6996 00), Experian (9407 1112 0620 8809 6996 86), and Trans Union (9407 1112 0620 8809 6991 05).

56.    Despite confirmation of delivery on April 13, 2025, Plaintiff did not receive dispute results or a copy of his updated credit report in the mail from Equifax.

57.    However, on or about May 23, 2025, Plaintiff obtained an updated copy of his Equifax credit report and observed that the Truist Account was no longer reported.

58.    Despite confirmation of delivery on April 14, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Experian.

59.    On or about May 23, 2025, Plaintiff attempted to receive an updated copy of his Experian credit report but received a notification that it was unavailable.

60.    Upon information and belief, Experian continued to report the erroneous balance of the Truist Account.

61.    Plaintiff provided enough information to Experian to identify his file and to handle the dispute. Experian failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

11

62.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

63.    Experian never attempted to contact Plaintiff during the alleged investigation.

64.    Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

65.    Despite confirmation of delivery on February 13, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union.

66.    However, on or about April 22, 2025, Plaintiff obtained an updated copy of his Trans Union credit report. Upon review, Plaintiff observed that the Truist Account was no longer reported.

67.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

  ii.    Loss of time attempting to cure the errors;

12

iii.   Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Apprehensiveness to apply for new credit due to the fear of rejection; and

v.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

69.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.    Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

71.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

72.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

73.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

74.    Equifax violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

75.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

79.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.     Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

81.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

15

82.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

83.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

84.    Equifax violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

85.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

17

91.     Plaintiff provided Equifax with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

92.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

18

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

96.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.    Plaintiff provided Equifax with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

19

99.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

103.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

104.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

105.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

106.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107.  The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108.  Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

109.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

110.  After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

111.  Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

112.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

113.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

116.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

117.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

118.    Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

119.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

120.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

121.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

122.    Experian violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

123.  As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

127.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

128.   Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

129.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

130.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

131.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

132.   Experian violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

133.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

136.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

137.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

138.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

139.    Plaintiff provided Experian with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

140.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

144.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

145.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

146.   Plaintiff provided Experian with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

147.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

151.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

152.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

153.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

154.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

155. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

156. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

157. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

158. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

159. Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

160.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

161.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

162.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

163.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

164.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

165.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

166.    Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

167.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

168.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

169.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

170.    Trans Union violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

171.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

172.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

173.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

174.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

175.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

176.   Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

177.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

178.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

179.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

180.   Trans Union violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

181.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

182. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

183. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT XV</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

184. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

185. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

186. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

187. Plaintiff provided Trans Union with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

188. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

190.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

192.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

193.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

194.   Plaintiff provided Trans Union with the information it needed to confirm the balance of the Truist tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

195.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

197.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVII
**Violation of 15 U.S.C. § 1681g as to
Defendant, Trans Union LLC (Negligent)**

198.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

199.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

200.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

201.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's

disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

202.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

203.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

204.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVIII
## Violation of 15 U.S.C. § 1681g as to
## Defendant, Trans Union LLC (Willful)

205.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

206.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

207.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

208.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

209.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

210.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

211.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank Inc. (Negligent)

212.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

213.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

214.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

45

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

215. Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was erroneous.

216. Truist knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

217. Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

218. As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

219. The conduct, action, and inaction of Truist was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

220. Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank Inc. (Willful)

221. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

222. Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

223. After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

224.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was erroneous.

225.   Truist knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

226.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

227.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

228.   The conduct, action, and inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

229.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

TRUIST BANK INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICKY HRAM CEU, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and TRUIST BANK INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of May 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066

49

The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*